UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NINE HUNDRED, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-7533** |
| **UNITED NATIONAL INSURANCE CO., ET AL.** | **SECTION "S" (1)** |

<u>ORDER AND REASONS</u>

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand is **DENIED.** (Rec. Doc. # 8).

<u>BACKGROUND</u>

Nine Hundred, L.L.C. ("Nine Hundred") leased a restaurant and bar located at 900 Harrison Avenue in New Orleans, Louisiana. United National Insurance Company ("United") issued a commercial insurance policy to Nine Hundred on December 7, 2004.   The policy provided the following coverages: $50,000 for contents, $250,000 for business interruption, and $5,000 for signs. Following Hurricane Katrina, Nine Hundred made a claim for property damages, lost business income, extra expenses, and additional losses under the policy.  United denied the claim, arguing that the damages were due to flood, which was not covered by the policy.

Nine Hundred alleges that it did not know of the flood exclusion in the policy until June 2006, when its claim was first denied.  Nine Hundred filed suit in Civil District Court for the Parish of Orleans against the insurance company, United, the insurance agent/broker, Eagan Insurance Agency, Inc. ("Eagan"), and the underwriting company, Odom Investments, Inc. d/b/a Mercury

Underwriters ("Mercury"), alleging breach of contract, breach of duty of good faith, extra-contractual liability, and liability of insurance broker or agent.

Subsequently, United removed this case to federal court,[1] and Nine Hundred filed a motion to remand, which motion is now before this Court.[2]

## DISCUSSION

### A.    Legal standard

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in pertinent part: "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  To determine whether a cause of action presents a federal question, the court examines the plaintiff's well-pleaded complaint.  *Hoskins v. Bekins Van Lines*, 343 F. 3d 769, 772 (5th Cir. 2003).  The entire record is examined for a proper understanding of the true nature of the complaint.  *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F. 2d 806, 808 (5th Cir. 1992).

### B.    Improper joinder

United contends that this Court must disregard the Louisiana citizenship of Mercury and Eagan, because both parties were improperly joined as the claims against them are perempted under La. Rev. Stat. § 9:5606.

---

[1]In its notice of removal, United contends that this Court has jurisdiction over this case under 13 U.S.C. § 1369, the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA") and 28 U.S.C. § 1441(e)(1)(B).  Because this Court finds that it has diversity jurisdiction, the remaining jurisdictional arguments need not be addressed.

[2]Nine Hundred has argued that the removal was defective because all defendants have not joined in the notice of removal.  A defendant need not obtain the consent of improperly joined codefendants before removing the case.  *Jernigan v. Ashland Oil, Inc*., 989 F. 2d 812, 815 (5th Cir. 1993).

2

Improper joinder may be established by the following: "(1) actual fraud in the pleading of jurisdiction facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis. v. Irby*, 326 F. 3d 644, 646-47 (5th Cir. 2003). To succeed on a claim of improper joinder based on the inability of plaintiff to establish a cause of action against the non-diverse party, the defendant must demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." *Smallwood v. Illinois Central R.R. Co.*, 385 F. 3d 569, 573 (5th Cir. 2004)(*en banc*).

In order to predict whether a plaintiff has a reasonable basis of recovery under state law, the court may conduct a Rule 12(b)(6) analysis by looking at the allegations of the complaint and determining whether the complaint states a claim under state law. *Id.* If the plaintiff survives the 12(b)(6) analysis, there is no improper joinder. *Id.* In cases in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may pierce the pleadings and conduct a summary judgment type inquiry. *Id.* A summary judgment inquiry is only appropriate for purposes of identifying the presence of discrete undisputed facts that would preclude plaintiff's recovery against the in-state defendant. *Id.* at 573-74.

Section 9:5606 states, in part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based in tort, or breach of contract, or otherwise, arising out of an engagement to provide services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect, is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest three years from the date of the alleged act

3

omission, or neglect.

The parties in this case agree that representatives of Nine Hundred met with Eagan in early December 2004 to discuss Nine Hundred's insurance needs, for the policy period at issue covering December 7, 2004 through December 7, 2005.

In the affidavit of Randie Porobil and John Adams,[3] Nine Hundred represents, in part:

(1)     Nine hundred did not recall discussing flood insurance at the late November or early December 2004 meeting with Eagan;

(2)     Nine hundred told Eagan that it would want to increase its policy limits in the coming months as new equipment was purchased and installed in the restaurant;

(3)     Subsequently, Nine Hundred received a call from Eagan that he had the policy and to stop by his office to review the policy;

(4)     Nine Hundred met with Eagan at his office on December 7, 2004, but it did not discuss the specifics of the policy.

(5)     Eagan represented that Nine Hundred could rely on him to select the proper coverage and represented that Eagan insurance insured numerous restaurants.[4]

There is no allegation that Nine Hundred had any contact with Eagan after December 2004. Accepting Nine Hundred's allegations as true, the only discussions of increased contents coverage and arguably flood coverage occurred more than one year before Nine Hundred filed its lawsuit. Accordingly, Nine Hundred's claims against Eagan are perempted under La. Rev. Stat. § 9:5606.

United further contends that Mercury's Louisiana citizenship must be disregarded because Mercury has been improperly joined. United has submitted the uncontested affidavit of William Odom, the President/Owner of Mercury, explaining that Mercury is a "wholesale intermediary/broker engaged in obtaining alternative insurance such as that of surplus line insurers

---

[3]Porobil and Adams are the proprietors of Nine Hundred, L.L.C.  Affidavit of Randie Porobil and John Adams, at p. 1, ¶ 2, attached as Exhibit 1 to Nine Hundred's Reply Memorandum in Support of Motion to Remand.

[4]*Id*. at p. 2.

4

for entities which do not qualify for insurance from standard facilities."[5]   The affidavit explains that Mercury has no contact with any insured; it not licensed to deal with the public; its customer base is individual insurance agents; it does not accept money from the general public; and it did not have any contact with Nine Hundred prior to Hurricane Katrina.[6]   Nine Hundred does not dispute any of the aforementioned statements.   Nine Hundred does not argue any alleged causes of action against Mercury in its submissions.   Based on a review of the entire record, including the pleadings, affidavits, and documents, this Court concludes that Nine Hundred has no reasonable basis of recovery against Mercury under state law.

Accordingly, the non-diverse defendants, Eagan and Mercury were improperly joined, and there is diversity jurisdiction.

### CONCLUSION

For the forgoing reasons, Nine Hundred's motion to remand is denied.

New Orleans, Louisiana, this _____5_____ day of February, 2007.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[5]Affidavit of William Odom at p. 2, ¶ 3, attached as Exhibit B to United's Memorandum in Opposition to Motion to Remand.

[6]*Id*. at p. 2, ¶¶ 5-6.   Attached as Exhibit A to United's Memorandum is an insurance quotation for Nine Hundred from Mercury.   The quote states that "coverage is not affected by this document and may only be rendered by an authorized representative of the insurer."   By its own language, the quotation did not bind Mercury to provide coverage to Nine Hundred.